UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMAL MURRAY,
    Plaintiff,

vs

OHIO DEPARTMENT
OF CORRECTIONS, et al.,
    Defendants.

Case No. 1:14-cv-168

Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate currently incarcerated at the Lebanon Correctional Institution (LeCI), brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Ohio Department of Rehabilitation and Corrections, the LeCI Warden, the LeCI Medical Department, and John and Jane Doe Witnesses. (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

In the complaint, plaintiff alleges that he received blood work results on December 8, 2011. (Doc. 1, Complaint p. 5). According to plaintiff, the results indicated that he fell out of the

normal testing range and that he needed to see a doctor. *Id.* Plaintiff claims that he repeatedly advised the medical staff at LeCI that he was experiencing severe headaches and intense pain that prevented him from eating or sleeping, yet he was not permitted to see a doctor or receive any treatment besides ibuprofen, which plaintiff claims did nothing to alleviate his symptoms. *Id.* Plaintiff states that he suffered from these symptoms for over one month and after he passed out in early February, plaintiff was taken to the local hospital where it was discovered that he had a blood clot behind his eye. *Id.* Plaintiff alleges that he was hospitalized for one month and that he is now legally blind as a result of the lack of medical care. *Id.* at 6.

For relief, plaintiff seeks monetary compensation. He also requests that "a methodology to be created that will ensure proper medical treatment without undue delay." *Id.*

Liberally construed, plaintiff's complaint states an Eighth Amendment claim of deliberate indifference to his serious medical needs against the unknown John Doe defendants in the LeCI Medical Department. *See Farmer v. Brennan,* 511 U.S. 825 (1994). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that this claim is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's remaining claims should be dismissed. First, plaintiff fails to state a claim against the Ohio Department of Rehabilitation and Corrections and the LeCI Medical Department. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A correctional facility is not a "person"

subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). Likewise, the LeCI Medical Department is not a legal entity that is capable of being sued under Section 1983. *See Hix v. Tennessee Dept. of Corrections*, 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein) (holding that neither the state department of corrections, as an "administrative department of the state," nor the state prison's medical department, which "may be seen as nothing more than an arm" of the department of corrections, is a "person" within the meaning of § 1983).

Second, plaintiff's claims against the LeCI Warden should also be dismissed. In the absence of any allegations even remotely suggesting that LeCI's Warden was involved in, encouraged, or was even aware of the allegations in the complaint, the LeCI Warden should be dismissed as a party in this action. To the extent that plaintiff seeks to bring a claim against LeCI's Warden based on his role in supervising the staff members who allegedly deprived plaintiff of his Eighth Amendment rights, plaintiff has not stated an actionable claim for relief under § 1983. It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). A superior may not be held liable under § 1983 for the misconduct of his employees unless the plaintiff demonstrates that "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy,* 729 F.2d at 421. *See also Combs v.*

*Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). *See also McQueen v. Beecher Community Schools*, 433 F.3d 460, 470 (6th Cir. 2006); *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). In the instant case, plaintiff has made no such allegation against LeCI's Warden. Indeed, plaintiff does not even mention the Warden in the substance of his complaint. Therefore, plaintiff has failed to state a claim against the LeCI Warden.

Accordingly, in sum, plaintiff's Eighth Amendment claim may proceed against the unknown John Doe defendants in the LeCI Medical Department. Having found that plaintiff has failed to state a claim against the remaining defendants, the claims against defendants Ohio Department of Rehabilitation and Corrections, the LeCI Medical Department, and the LeCI Warden should be dismissed.

If the above recommendation is adopted to dismiss all of the named defendants from this lawsuit, only the John Doe defendants will remain. Under these circumstances, dismissal of the John Doe defendants is not proper, but rather plaintiff should be given the opportunity to do limited discovery in order to identify the names of the John Doe defendants. As explained by the Court:

> Although designation of a "John Doe" or "unknown" defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery. *Yates v. Young*, 772 F.2d 909 (6th Cir. 1985) (unpublished), 1985 WL 13614, citing *Schiff v. Kennedy*, 691 F.2d 196 (4th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980); *Maclin v. Paulson*, 627 F.2d 83 (7th Cir. 1980). *In accord Downie v. City of Middleburg Hts.*, 76 F. Supp.2d 794, 801 n. 5 (N.D. Ohio 1999). The Federal Rules of Civil Procedure do not require the Court

> to dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint. Rather, "the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642; *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

*Robinson v. Doe,* No. 1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio March 10, 2009). Under the circumstances of this case, it is appropriate to permit service of the complaint on a high-ranking official who could identify the John Doe defendants through discovery. *See Mosby v. Doe,* No. 08-cv-677, 2009 WL 192502, at *1 (W.D. Wis. Jan. 27, 2009). As defendant LeCI Warden is in a position to know or determine the names of the John Doe medical staff members responsible for plaintiff's medical care, the Court shall order service of the summons and complaint on defendant LeCI Warden for this limited purpose only. Once plaintiff discovers the names of the John Doe defendants, he will be required to amend his complaint to identify them and the LeCI Warden will be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's claims against the Ohio Department of Rehabilitation and Corrections, the LeCI Medical Department, and the LeCI Warden be **DISMISSED**.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, and this order upon defendant LeCI Warden as directed by plaintiff. All costs of service shall be advanced by the United States. Plaintiff shall be granted leave to proceed against defendant LeCI Warden solely for the purpose of determining the identities of the LeCI John Doe staff members responsible for plaintiff's medical care.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendant or counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 3/14/14

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMAL MURRAY,
    Plaintiff,

vs

OHIO DEPARTMENT
OF CORRECTIONS, et al.,
    Defendants.

Case No. 1:14-cv-168

Black, J.
Litkovitz, M.J.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).