UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMAL MURRAY,
    Plaintiff,

vs.

OHIO DEPARTMENT
OF CORRECTIONS, et al.,
    Defendants.

Case No. 1:14-cv-168

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a former inmate at the Lebanon Correctional Institution (LeCI), brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court on defendant's motion to dismiss for lack of prosecution (Doc. 28), to which plaintiff has not responded.

On March 14, 2014, the Court determined that plaintiff's complaint stated an Eighth Amendment claim of deliberate indifference to his serious medical needs against unknown John Doe defendants in the LeCI Medical Department. (Doc. 4). Plaintiff's remaining claims against the remaining defendants were dismissed for failure to state a claim for relief. (Docs. 4, 9). Plaintiff was granted leave to proceed against defendant LeCI Warden solely for the purpose of determining the identities of the LeCI John Doe staff members responsible for plaintiff's medical care. (Doc. 4 at 6). Plaintiff was advised that once he discovers the names of the John Doe defendants, he was required to amend his complaint to identify them and the LeCI Warden would be dismissed. (*Id.*).

The Court's calendar order in this case set the discovery deadline at December 28, 2015 and the dispositive motion deadline at January 28, 2016. (Doc. 26). Those deadlines have now passed and plaintiff has not amended his complaint to identify the John Doe defendants in this matter. In addition, counsel for defendant avers that plaintiff has not served any discovery on

defendant in an attempt to identify the John Doe defendants. (*See* Doc. 28, Nestleroth Aff.). Nor has plaintiff responded to defendant's motion to dismiss for lack of prosecution, despite the Court's notice to plaintiff that his failure to file a memorandum in response to the motion within 21 days may warrant dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 29).

> Rule 41(b) provides:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41. District courts have this power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Although pro se litigants are held to less stringent pleading standards than attorneys, dismissal of a pro se case for lack of prosecution "is appropriate when a pro se litigant has engaged in a clear pattern of delay." *Jourdan*, 951 F.2d at 110.

Plaintiff has had over one and one-half years to conduct discovery in this matter to identify the appropriate defendants. His failure in this case to file an amended complaint identifying the John Doe defendants and to respond to defendant's motion to dismiss demonstrates a clear lack of prosecution in this case. Plaintiff's failure to prosecute this matter warrants dismissal of this case under Rule 41(b). *See Jourdan*, 951 F.2d at 109-10. A dismissal pursuant to Rule 41(b) may be with prejudice if the party receives notice and the trial court finds bad faith or contumacious conduct. *Knoll v. AT & T Co.*, 176 F.3d 359, 363-64 (6th Cir. 1999). Where, as here, plaintiff has failed to conduct any discovery, comply with the Court's March 14,

2014 order to amend his complaint, or respond to the pending dispositive motion, a finding that plaintiff has engaged in contumacious conduct is warranted. *Cf. Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Additionally, plaintiff received notice that his failure to respond to defendant's motion to dismiss could result in the dismissal of this action for failure of prosecution. Accordingly, dismissal of this action with prejudice is appropriate.

**IT IS THEREFORE RECOMMENDED THAT** this case be **DISMISSED** with prejudice for lack of prosecution and this matter be terminated on the docket of the Court.

Date: 2/4/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMAL MURRAY,
Plaintiff,

vs

OHIO DEPARTMENT
OF CORRECTIONS, et al.,
Defendants.

Case No. 1:14-cv-168

Black, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).