IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JAMAL MURRAY**, | : | Case No. 1:14-cv-168 |
| Plaintiff, | : | **Judge Black** |
| v. | : | **Magistrate Judge Litkovitz** |
| **OHIO DEPARTMENT OF CORRECTIONS, et al.,** | : | |
| Defendants. | : | |

## DEFENDANTS AMY WEISS AND TIMOTHY HEYD'S MOTION FOR MORE DEFINITE STATEMENT FILED IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT (DOC. 7)

Pursuant to Federal Rule of Civil Procedure 12(e), Defendants Amy Weiss[1] and Timothy Heyd, by and through counsel, move the Court to order Plaintiff to provide a more definite statement of his Complaint and Amended Complaint (Docs. 3, 33). A memorandum in support is attached.

Respectfully submitted,

MICHAEL DEWINE (0009181)
Ohio Attorney General

/s/ *B. Alexander Kennedy*
B. ALEXANDER KENNEDY (0093870)
Assistant Attorney General
Criminal Justice Section, Corrections Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
Phone: (614) 644-7233; Fax: (855) 852-1897
Alex.Kennedy@OhioAttorneyGeneral.gov

*Trial Attorney for Defendants*

---

[1] Plaintiff has named and attempted to serve summons on a Defendant "Amy Wise" and a Defendant "Ms. Weiss." These two individuals are the same person.

**MEMORANDUM**

**I.    INTRODUCTION**

Plaintiff Jamal Murray, proceeding *pro se*, filed his Complaint on February 21, 2014. (Docs. 1, 3). Plaintiff was an inmate at Lebanon Correctional Institution (LeCI) at all times relevant to his complaint but has since been released. (Docs. 3, 21). Plaintiff's allegations amount to a claim for medical deliberate indifference under 42 U.S.C. § 1983. (Doc. 4, PageID # 32). The Court dismissed three Defendants *sua sponte* but permitted his claim against the remaining John Doe Defendants to proceed. After Plaintiff failed to effect service on the John Doe Defendants for 22 months, Defendants[2] filed a motion to dismiss for lack of prosecution. (Doc. 28). The Court initially granted the Motion but later withdrew the Order after Plaintiff responded to a show cause Order claiming his vision impairment hindered his ability to prosecute his lawsuit. (Docs. 32, 36).

The factual allegations in Plaintiff's Complaint appear in a single two-page paragraph without indentations or numbering. (Doc. 3, PageID # 26-27). Plaintiff alleges the following: On December 8, 2011, he received blood work results that showed he was "not in the normal range." *Id*. at # 26. After developing headaches which caused difficulty sleeping and eating, he filed "medical request forms to see the Doctor." *Id*. However, he was told that "nothing was wrong with [him]" and was provided Ibuprofen for his pain. *Id*. On February 7, 2012, Plaintiff lost consciousness and was taken to The Ohio State University Hospital and was treated for blood clot behind his eye; he remained hospitalized for one month. *Id*. at # 26-27. Plaintiff further asserts that the LeCI medical staff was on notice of his condition in December 2011 because of his lab results but their "failure to follow up [] constitute[d] negligence." *Id*. at # 27.

---

[2] The Court delayed the dismissal of LeCI Warden Defendant for the purpose of allowing Plaintiff to discover the identities of the John Doe Defendants. (Doc. 4, PageID # 35).

Plaintiff asserts that this "caused him severe pain and a temporary loss of eyesight in one eye. *Id*. Plaintiff seeks monetary compensation. *Id* at # 28.

On February 17, 2016, Plaintiff filed an Amended Complaint which identified three John Doe Defendants: Amy Wise, Dr. Heyd, and Ms. Weiss.  (Doc. 33).  Plaintiff alleges that LeCI Nurse "Amy Wise" "perjured herself by given [sic] untrue statement, negligence in given [sic] me my medicine, 3-2012."  (Doc. 33, PageID # 109).  Presumably, "3-2012" represents the date of her action, i.e. March 2012.  Plaintiff alleges that LeCI physician "Dr. Heyd" "kept me on medicine for blood clots called Wafarin [sic] but the doctors at OSU hospital stated that I needed to be on Lovenox which in terms [sic] made me have a stroke, clots on my brain, blood clots on my heart and other health issues, 3-2012."  *Id*.  Plaintiff alleges that "Ms. Weiss", whose occupation is not provided, "stated that there was nothing wrong with me, and there was no need for me to be transported to OSU hospital.  She gave false statements to the Chief Inspector saying I refused to take my medication, I that [sic] was so I would been [sic] written up, by the medical staff, 3-2012."  *Id*.

Defendants cannot be expected to admit or deny Plaintiff's allegations when they appear unnumbered in a single 2-page paragraph and assert multiple, distinct charges against an unknown number of unidentified individuals.  Defendants are unable to frame a responsive pleading to Plaintiff's Complaint and Amended Complaint at this time and request that the Court order Plaintiff to provide a more definite statement of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(e).

**II.     LAW AND ARGUMENT**

Federal Rule of Civil Procedure 12(e) provides, in pertinent part, that: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch. Dist.*, 428 F.3d 223, 228 (6th Cir. 2005) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see also Baxter v. Rose*, 305 F.3d 486, 490 (6th Cir. 2002).

"Rule 12(e) provides defendants with a remedy for inadequate complaints that, by failing to meet the minimum pleading standards of Rule 8, would seriously prejudice the defendants in their attempt to answer." *Oliver v. St. Luke's Dialysis, LLC*, 1:10-CV-2667, 2011 WL 1326251 (N.D. Ohio Apr. 5, 2011). Federal Rule of Civil Procedure 8(a) requires pleadings to contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). This short and plain statement must provide Defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Defendants are unable to frame a responsive pleading because Plaintiff's Complaint: (1) does not specify what actions each named Defendant took or failed to take, if any; (2) contains only one large paragraph rather that numbered paragraphs containing a single allegation. Plaintiff's Amended Complaint contains three numbered paragraphs, each of which is comprised of multiple, sometimes unrelated, allegations. Plaintiff's Complaint also appears to make

4

allegations against individuals who are not contemplated in his Amended Complaint. (e.g. Plaintiff alleges his blood work results "were not in the normal range and that I need to see the doctor. I was not permitted to see or consult with the doctor… ." [Doc. 3, PageID #26]. These are allegations that defendants would be required to answer despite Plaintiff not identifying who prevented him from seeing the necessary physician, or how he was prevented. Whether the Defendants named in his Amended Complaint took any of the actions described in his original Complaint is unknown.). Plaintiff's Amended Complaint also provides dates for incidents that appear to conflict with the dates provided in his Complaint. (e.g. Plaintiff's Complaint only makes allegations against defendants during the period between December 18, 2011 and February 7, 2012 [Doc. 3, PageID # 26-27] but his Amended Complaint appears to make allegations against defendants only during March, 2012 [Doc. 33, PageID # 109-10]). This affects Defendants' ability to assert a limitations period defense in their Answer.

Federal Rule of Civil Procedure 10(b) requires a plaintiff to state his or her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Failure to comply with R. 10(b) warrants an order for a more definite statement. *Grisby v. Wilberforce*, No. 3:10cv00184, 2010 WL 5283285 *1-2 (S.D. Ohio, Nov. 15, 2010) (Granting defendant's motion for a more definite statement because plaintiff's complaint did not contain numbered paragraphs and any paragraphs that were numbered were not limited to a single set of circumstances); *Slicker v. Southwest Airlines*, No. 09-11217, 2009 WL 3698553, *1, 5 (E.D. Mich., Nov. 5, 2009); *Langford v. Caruso*, No. 11cv10219, 2011 WL 3348060, *3 (E.D. Mich., Aug. 3, 2011). Although Plaintiff is proceeding *pro se* in this action, that status does not allow him to ignore the procedural rules by which all civil litigants must abide. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that *pro se* litigants are not exempt from the

5

requirements of procedural rules in ordinary civil litigation).  R. 10(b) is not so technical a requirement; a lay person could comply with this rule without the assistance of counsel.

Further, Plaintiff's Complaint and Amended Complaint is deficient in several other respects.  His complaints do not state whether he sues Defendants in their official or personal capacities.  Likewise, this is grounds for an Order for a more definite statement. *Moore v. City of Harriman*, 272 F.3d 769, 792-93 (6th Cir. 2001) (Finding that when a government defendant is faced with an ambiguous complaint, or one silent as to capacity, a motion for a more definite statement is justified. "Plaintiff is the master of his complaint, and it is not too much to ask that he plead his claims properly.").

Denying this Motion would prejudice Defendants by requiring them to speculate what factual allegations Plaintiff is asserting against each Defendant, and potentially respond to allegations that are outside of the applicable statute of limitations.  In contrast, there is no prejudice to Plaintiff in requiring him to abide by Rule 8(a).  For these reasons, the Court should order Plaintiff to file a more definite statement.

**III.  CONCLUSION**

As Defendants are unable, in good faith, to answer the allegations in Plaintiff's Amended Complaint, they respectfully request that the Court grant this Motion and order Plaintiff to:

- File a more definite statement, within a specified time, in the form of a second amended complaint;
- Provide allegations in numbered paragraphs;
- Specifically allege what claim or claims he is asserting against each Defendant that he has named and served;
- Identify John and Jane Doe Defendants or dismiss them.

Respectfully submitted,

MICHAEL DeWINE (0009181)
Ohio Attorney General

/s/ *B. Alexander Kennedy*
B. ALEXANDER KENNEDY (0093870)
Assistant Attorney General
Criminal Justice Section, Corrections Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
Phone: (614) 644-7233; Fax: (855) 852-1897
Alex.Kennedy@OhioAttorneyGeneral.gov

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I certify that on June 6, 2016 a copy of the foregoing *Defendants Amy Weiss and Dr. Heyd's Motion for More Definite Statement* was filed electronically in the Court's CM/ECF system and a copy was sent via regular United States Mail, postage prepaid, to Jamal Murray, 3246 Harvey Ave., Cincinnati, Ohio 45229.

/s/ *B. Alexander Kennedy*
B. ALEXANDER KENNEDY (0093870)
Assistant Attorney General