### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| JAMAL MURRAY, | Case No. 1:14-cv-168 |
| Plaintiff, | Black, J. |
| | Litkovitz, M.J. |
| vs. | |
| OHIO DEPARTMENT OF CORRECTIONS, et al., | **ORDER** |
| Defendants. | |

This matter is before the Court on defendants Amy Weiss and Timothy Heyd's motion for a more definite statement (Doc. 41), to which plaintiff has not responded.

Defendants argue that they are unable to frame a responsive pleading to plaintiff's complaint and amended complaint because plaintiff's allegations "appear unnumbered in a single 2-page paragraph and assert multiple, distinct charges against an unknown number of unidentified individuals." (Doc. 41 at 3). Defendants contend that plaintiff's complaint "does not specify what actions each named Defendant took or failed to take, if any." (*Id.* at 4). Further, defendants argue that the complaint "appears to make allegations against individuals who are not contemplated in his Amended Complaint." (*Id.* at 4-5). Defendants contend that inconsistencies between the complaint and amended complaint concerning the timing of alleged incidents "affect[] Defendants' ability to assert a limitations period defense in their Answer." (*Id.* at 5). Defendants also argue that plaintiff's pleadings are deficient because they fail to specify whether he is suing defendants in their official or personal capacities. (*Id.* at 6). For these reasons, defendants seek a more definite statement of plaintiff's claims. (*See id.* at 6).

A party may move for a more definite statement of any pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

"Motions for a more definite statement are not favored by the courts in light of the availability of pretrial discovery procedures." *Becker v. Clermont Cty. Prosecutor*, No. 1:07-cv-511, 2008 WL 2230178, at *2 (S.D. Ohio May 29, 2008) (citations omitted). Under the Federal Rules:

> [P]leadings are to be construed liberally to do substantial justice. So, although [Rule 12(e) motions] come within the court's discretion, courts grant the motions sparingly. Rule 12(e)'s standard is plainly designed to strike at unintelligibility rather than a lack of detail. Courts frown on a litigant's use of the motion as a 'shotgun tactic' to substitute for discovery, or as a dilatory tactic to postpone filing an answer. In the presence of proper, although general allegations, the motions will usually be denied on the grounds that discovery is the more appropriate vehicle for obtaining the detailed information.

*Id.* (quoting 2 Moore's Fed. Practice, § 12.36 (3d ed. 2003)).

Here, plaintiff's pleadings are not so unintelligible that defendants cannot file a responsive pleading. While plaintiff did not separate the allegations in his complaint into discrete, numbered paragraphs, the complaint "provide[s] fair notice to the defendant[s] of the nature of the claims against [them]." *Ortiz v. Karnes*, No. 2:06-cv-562, 2007 WL 2509865, at *1 (S.D. Ohio Aug. 30, 2007). *See also Walker v. Graham*, No. 99-c-2481, 2000 WL 875502, at *2 (N.D. Ill. Jun. 28, 2000) (accepting for review a complaint that does not comply with the separate paragraph requirement of Fed. R. Civ. P. 10(b) when "there can be no reasonable doubt that it provides defendants with adequate notice of a legally sufficient claim"). Tellingly, in describing plaintiff's allegations in their motion for a more definite statement, defendants have divided plaintiff's "single two-page paragraph without indentations or numbering" into a series of discrete allegations. (*See* Doc. 41 at 2-3). Further, in the amended complaint, plaintiff has identified specific allegations being made against specific defendants. (*See* Doc. 33 at 3). Thus, the Court finds that defendants "should be able to prepare a response, even if it is a simple denial, in good faith and without prejudicing [their] ability to defend the case." *Ortiz*, 2007 WL 2509865, at *2. To the extent that uncertainty remains about whether some of the allegations in

2

the initial complaint apply to defendants, pretrial discovery is the proper mechanism to clarify those allegations. *See Becker*, 2008 WL 2230178, at \*2.

Based on the foregoing, the motion for a more definite statement (Doc. 41) is not well-taken and is hereby **DENIED**.  Defendants are **ORDERED** to file their answer within 21 days of the date of this Order.

**IT IS SO ORDERED.**

Date:  8/16/16

Karen L. Litkovitz
United States Magistrate Judge