UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMAL MURRAY,
    Plaintiff,

vs.

OHIO DEPARTMENT OF CORRECTIONS, et al.,
    Defendants.

Case No. 1:14-cv-168
Black, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, a former inmate at the Lebanon Correctional Institution (LeCI), brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court on defendants' motion to dismiss plaintiff's complaint and amended complaint (Doc. 45) and plaintiff's response in opposition (Doc. 53). This matter is also before the Court on plaintiff's motion for leave to file a second amended complaint (Doc. 54), defendants' response in opposition (Doc. 57), and plaintiff's reply memorandum (Doc. 58).

**I. Background**

Plaintiff first filed his pro se complaint in this matter in February 2014. (*See* Docs. 1, 3). In this complaint, he named as defendants the Ohio Department of Corrections, the LeCI warden, the LeCI medical department, and John Does. (Doc. 3 at 1). Plaintiff alleges that beginning in December 2011, he repeatedly advised the medical staff at LeCI that he was experiencing severe headaches and intense pain that prevented him from eating or sleeping, yet he was not permitted to see a doctor or receive any treatment besides ibuprofen, which plaintiff claims did nothing to alleviate his symptoms. (*Id.* at 5). Plaintiff states that he suffered from these symptoms for over one month and after he passed out in early February, he was taken to the local hospital where it was discovered that he had a blood clot behind his eye. (*Id.*). Plaintiff alleges he was

hospitalized for one month and that he is now legally blind as a result of the lack of medical care. (*Id.* at 6-7).

After a sua sponte review of the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) in March 2014, the Court dismissed plaintiff's claims against the ODRC, the LeCI medical department, and the LeCI warden, but allowed plaintiff to conduct limited discovery to identify the names of the John Doe defendants so that he could amend his complaint to identify them. (*See generally* Docs. 4, 9).

In December 2015, defendants moved to dismiss the case for lack of prosecution, asserting that plaintiff had not filed an amended complaint and had not served any discovery requests for the purpose of identifying the John Doe defendants. (Doc. 28 at 2). Plaintiff did not file a response to the motion to dismiss and on February 4, 2016, the Court issued a Report and Recommendation that plaintiff's action be dismissed for lack of prosecution. (Doc. 32). After the Report and Recommendation was filed, plaintiff filed an amended complaint on February 17, 2016 that identified the John Doe defendants as Amy Wise, Dr. Heyd, and Ms. Weiss. (*See* Doc. 33). Subsequently, the Court ordered plaintiff to show cause why the Court should reconsider its recommendation to dismiss his case for lack of prosecution. (Doc. 34). Plaintiff responded that due to the inadequate medical care he allegedly received at LeCI, he is unable to see and sent the paperwork to his mother while incarcerated. (Doc. 35 at 1). He asserted that the papers he sent to his mother were misplaced and he submitted the names of the defendants once that paperwork was found. (*Id.*). For good cause shown, the Court withdrew its Report and Recommendation in March 2016 and ordered service of the complaint and amended complaint on defendants Amy Wise, Dr. Heyd, and Ms. Weiss in May 2016. (Doc. 36). Thus, defendants' motion to dismiss for lack of prosecution was denied as moot. (Docs. 39, 42).

2

In the amended complaint, plaintiff identifies Wise as an LeCI nurse who perjured herself and was negligent in dispensing his medicine. (Doc. 33 at 3). Plaintiff identifies Dr. Heyd as the LeCI doctor who kept him on the anticoagulant Warfarin for blood clots despite knowing that doctors at Ohio State University Medical Center ("OSUMC') had indicated that plaintiff needed to receive the blood thinner Lovenox (i.e., enoxaparin sodium). Plaintiff alleges that Dr. Heyd's actions caused him to have a stroke, blood clots in his brain and heart, and other health issues. (*Id.*). Plaintiff identifies Ms. Weiss as an LeCI employee who stated there was nothing wrong with him, gave false statements that he refused to take medication, and caused him to be written up by medical staff. (*Id.*).

On June 6, 2016, defendants moved for a more definite statement, arguing that they were unable to frame a responsive pleading to plaintiff's complaint and amended complaint because, *inter alia*, he had failed to comply with the formatting rules in Fed. R. Civ. P. 10, failed to specify which actions each named defendant took or failed to take, and appeared to make allegations in the complaint against different individuals who were not named in the amended complaint. (*See* Doc. 41 at 3-5). The Court denied the motion on August 16, 2016, finding that plaintiffs complaint and amended complaint are "not so unintelligible" that defendants could not file a responsive pleading. (Doc. 44 at 2-3).

On August 30, 2016, defendants moved to dismiss plaintiff's original and amended complaints under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 45). On September 22, 2016, attorney Robert Klingler entered an appearance on plaintiff's behalf and filed an unopposed motion for an extension of time to respond to the motion to dismiss, which the Court granted. (Docs. 48, 49, 50, 51, 52). In November 2016,

plaintiff responded to the motion to dismiss and moved for leave to file a second amended complaint. (Docs. 53, 54). The Court will first consider the motion for leave to amend.

**II. Motion for Leave to File a Second Amended Complaint (Doc. 54)**

    **A. The Proposed Second Amended Complaint**

In the proposed second amended complaint that plaintiff has attached to his motion, he alleges with greater detail and clarity the history of his illness and the basis for his claims against Dr. Heyd and nurse Weiss.[1] (*See generally* Doc. 54-1 at ¶¶ 12-63). Plaintiff identifies the following LeCI employees as additional defendants: nurse Christopher Carnes, Dr. Oscar Cataldi, Jr., nurse practitioner Mary Kokenge, nurse Stanley Richard Benner, and nurse Shellie Hodges-Begunish. (*See id.* at 1 and ¶¶ 35-38, 40, 67, 70-72, 75). The substance of plaintiff's allegations is that between January 2011 and April 2014, and with deliberate indifference to his medical needs, defendants failed to provide adequate medical treatment for plaintiff's diagnosed condition of deep vein thrombosis ("DVT"). Examples of defendants' failure to provide adequate treatment included: (1) failure to provide plaintiff with prescribed blood thinners; (2) failure to regularly monitor plaintiff's international normalized ratio ("INR") (a measure of the blood's clotting tendency that can gauge the risk of developing blood clots); (3) only providing him with cold medicine, pain medicine, and/or antibiotics despite being aware of his history of blood clots; (4) telling plaintiff there was nothing wrong with him and to meditate to distract himself from the pain associated with his condition; and (5) withholding medicine prescribed by outside doctors after emergency treatment. (*See generally id.* at ¶¶ 12-82). Plaintiff alleges that as a result of defendants' actions, he suffered: (1) a blood clot behind his eyes from which he is now legally blind; (2) a subdural hematoma; (3) a stroke; (4) a heart attack; and (5) a pseudo-

---

[1] Plaintiff's proposed second amended complaint names only nurse Amy Weiss as a defendant in contrast to the "Amy Wise" and "Ms. Weiss" named as separate defendants in plaintiff's amended complaint. (*See* Doc. 33 at 3; Doc. 54-1 at 1).

4

aneurysm in the right common iliac artery that required surgical placement of a stent. (*See id.* at ¶¶ 42, 60, 64, 76-77, 81).

On this factual basis, plaintiff alleges in Count 1 of his proposed second amended complaint that defendants Heyd, Weiss, Carnes, Cataldi, Kokenge, Benner, and Hodges-Begunish failed to provide adequate medical treatment with deliberate indifference to his medical needs in violation of 42 U.S.C. § 1983. (*Id.* at ¶¶ 83-97). In Count 2, plaintiff alleges that defendants Heyd and Weiss retaliated against plaintiff for pursuing his complaint and grievance in violation of 42 U.S.C. § 1983 and his First Amendment rights. (*Id.* at ¶¶ 98-105). Plaintiff's First Amendment retaliation claim relies on his allegations that defendant Heyd "pressured him into not filing a lawsuit" and defendants Heyd and Weiss denied him necessary medical treatment, provided false testimony concerning his compliance with prior treatment, and falsified his medical records. (*See id.* at ¶¶ 52, 54-55, 102).

### B. The Parties' Arguments

Plaintiff moves to file a second amended complaint to add additional defendants, clarify the legal basis for his claims, and develop the factual circumstances underlying his claims. (Doc. 54 at 1). Plaintiff asserts that his ability to adequately plead cognizable claims in his pro se complaint and amended complaint "was impaired by his lack of representation, unfamiliarity with the legal system, inability to obtain relevant records, and significant medical issues affecting his physical and cognitive abilities." (*Id.* at 2). Plaintiff asserts that since retaining counsel, he has "diligently worked to conduct the factual investigation and legal analysis necessary to respond to the pending motion and amend the amended complaint." (*Id.*). Plaintiff argues that defendants will not be prejudiced by the proposed amendment as they will be able to file a renewed motion to dismiss "with a clearer delineation of the factual and legal issues in

5

dispute." (*Id.*). Finally, plaintiff contends that "justice requires leave to amend in this case because [he] should be permitted to conduct discovery against relevant parties that have only recently been identified and pursue his claim on the merits against the proper defendants." (*Id.*).

Defendants respond that plaintiff has failed to provide a sufficient justification for amending his pleadings 997 days after he first filed his lawsuit. (Doc. 57 at 5-6). Defendants argue that plaintiff's compliance with the prison's grievance procedures shows that despite his visual impairment, he knew the identity of defendants Heyd and Weiss in April 2012. (*Id.* at 6). Defendants contend that plaintiff's "inexcusable delay undeniably makes his claim stale." (*Id.*). Defendants argue that new claims in the proposed second amended complaint against Dr. Oscar Cataladi and nurse practitioner Mary Kokenge for actions that occurred between December 2013 and April 2014 "have no factual relationship with his other claims." (*Id.* at 7). Defendants contend that the proposed amendment of plaintiff's complaint is futile because it cannot withstand a motion to dismiss under Rule 12(b)(6) inasmuch as plaintiff does not deny that he received medical treatment but only has a difference of opinion as to what additional treatment he should have received. (*Id.* at 7-8).

**C. Legal Standard**

Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within twenty-one days of service of responsive pleadings. Fed. R. Civ. P. 15(a)(1)(B). If a plaintiff wishes to amend the complaint after the twenty-one day period has expired, he must obtain consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated

failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 472 F.3d 996, 1001 (6th Cir. 2005).

### D. Resolution

Plaintiff's motion is well-taken. Defendants' primary objection is that plaintiff unduly delayed in seeking to file a second amended complaint. (*See* Doc. 57 at 5-6). However, as the Court previously ruled, plaintiff showed good cause for his previous delay in prosecuting this case. (*See* Doc. 36). Further, since plaintiff's retention of counsel in September 2016, he has diligently prosecuted this action. The Court has every expectation that going forward, this matter will proceed expeditiously.

In addition, the proposed second amended complaint has identified the issues to be resolved in this case with greater precision and clarity. In this regard, the proposed second amended complaint addresses the concerns previously expressed by defendants in their motion for a more definite statement of plaintiff's complaint and first amended complaint. (*See* Doc. 41). Defendants have now received from plaintiff what they were seeking at that time.

Finally, although defendants have briefly raised some arguments concerning the possible futility of the second amended complaint, the Court declines to rule on these matters at this time. Resolution of these issues would benefit from more extensive briefing as part of future dispositive motion practice.

Accordingly, because allowing plaintiff to file a second amended complaint is in the interests of justice, plaintiff's motion for leave to file a second amended complaint (Doc. 54) is **GRANTED**.

### III. Motion to Dismiss (Doc. 45)

Defendants have moved to dismiss plaintiff's complaint and first amended complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 45). However, because the Court has granted plaintiff's motion for leave to file a second amended complaint, plaintiff's earlier pleadings are no longer operative. Accordingly, defendants' motion to dismiss (Doc. 45) should be **DENIED AS MOOT**.

### IV. Conclusion

Based on the foregoing, it is **ORDERED** that plaintiff's motion for leave to file a second amended complaint (Doc. 54) is **GRANTED**. The Clerk of Court is **DIRECTED** to file the proposed second amended complaint attached to plaintiff's motion for leave to amend on the docket of the Court. (Doc. 54-1).

In the event plaintiff seeks service of the second amended complaint by the United States Marshal in view of his *in forma pauperis* status, plaintiff must submit copies of his second amended complaint, summons forms, and United States Marshal forms for each newly named defendant within **thirty (30) days** of the date of this Order. Once plaintiff submits the necessary documents, the Court will order service of process by the United States Marshal.

It is **RECOMMENDED** that defendants' motion to dismiss (Doc. 45) be **DENIED AS MOOT**.

Date: 1/17/2017

Karen L. Litkovitz
United States Magistrate Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMAL MURRAY,
    Plaintiff,

vs.

OHIO DEPARTMENT OF CORRECTIONS, et al.,
    Defendants.

Case No. 1:14-cv-168
Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS after** being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

9