UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMAL MURRAY,
Plaintiff,

vs.

OHIO DEPARTMENT OF CORRECTIONS, et al.,
Defendants.

Case No. 1:14-cv-168
Black, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, a former inmate at the Lebanon Correctional Institution (LeCI), brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court on defendants' motion to reopen discovery and extend the dispositive motion deadline (Doc. 84) and plaintiff's response in opposition (Doc. 85).

**I. Background**

This case has a lengthy procedural history dating back to 2014. Plaintiff first filed his pro se complaint in this matter in February 2014. Plaintiff alleged that beginning in December 2011, he repeatedly advised the medical staff at LeCI that he was experiencing severe headaches and intense pain that prevented him from eating or sleeping and was not permitted to see a doctor or receive any treatment besides ibuprofen, which plaintiff claims did nothing to alleviate his symptoms. (*See* Docs. 1, 3). Plaintiff stated that he suffered from these symptoms for over one month and after he passed out in early February, he was taken to the local hospital where it was discovered that he had a blood clot behind his eye. (*Id.*). Plaintiff alleged he was hospitalized for one month and that he is now legally blind as a result of the lack of medical care. (*Id.* at 6-7). Subsequently, in March 2016, plaintiff was granted leave to file an amended complaint to name three unidentified John Doe defendants. (Docs. 33, 36). On August 30, 2016, defendants moved

to dismiss plaintiff's original and amended complaints under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 45). On September 22, 2016, attorney Robert Klingler entered an appearance on plaintiff's behalf and filed an unopposed motion for an extension of time to respond to the motion to dismiss, which the Court granted. (Docs. 48, 49, 50, 51, 52). In November 2016, through counsel, plaintiff responded to the motion to dismiss and moved for leave to file a second amended complaint. (Docs. 53, 54). On January 17, 2017, the Court granted plaintiff's motion for leave to file an amended complaint and denied as moot defendants' motion to dismiss. (Doc. 60). Defendants have yet to file another dispositive motion.

The calendar order in this case has been amended several times. Most recently, on October 30, 2017, the Court granted the parties' joint motion to amend the calendar order, which extended the discovery deadline to February 12, 2018 and the dispositive motion deadline to March 18, 2018. (Doc. 83).

## II. The Parties' Positions

Defendants move for an order reopening discovery sixty (60) days to allow inquiry into the level of plaintiff's vision impairment. (Doc. 84 at 1-3). Defendants also move for an extension of the dispositive motion deadline for thirty (30) days after the close of discovery. (*Id.*). Defendants represent that good cause exists to modify the scheduling order due to existing settlement discussions. (*Id.* at 2). Defendants explain that they asked plaintiff for a concrete settlement demand in January 2018. (*Id.*). After several follow-up inquiries, plaintiff presented a demand to defendants on March 1, 2018. (*Id.*). Defendants explain that "[a] myriad of factual allegations concerning Plaintiff's abilities and his level of vision accompanied the settlement demand" that "had never before been brought to [their] attention." (*Id.*). Defendants further

explain that they need to conduct a few short depositions to investigate the extent of plaintiff's injuries in order to continue engaging in settlement discussions and craft a well-reasoned dispositive motion. (*Id.*).

Plaintiff opposes defendants' motion, arguing that defendants have not suggested, until filing this present motion, that they intended to take plaintiff's deposition. (Doc. 85 at 1). Plaintiff maintains that defendants have long known the extent of plaintiff's injuries at issue in this case. (*Id.* at 2). Plaintiff states: "Plaintiff's counsel suggested that he could make Plaintiff available at the appropriate time to answer questions Defendants might have about his damages, but that he would not voluntarily extend discovery for the purpose of taking Plaintiff's deposition to be used against him in a summary judgment motion and to delay the current schedule." (*Id.*). Plaintiff maintains that the defendants had a responsibility to investigate the extent of plaintiff's injuries during discovery and there is no good faith or reasonable basis for extending the deadline to allow further inquiry into the extent of these injuries. (*Id.*).

**III. Resolution**

Under Fed. R. Civ. P. 16(b), the Court must issue a scheduling order limiting the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P (b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also* S.D. Ohio Civ. R. 16.2 ("the Magistrate Judge is empowered to enter scheduling orders under Fed. R. Civ. P. 16(b) and to modify scheduling orders upon a showing of good cause"). The factors the Court should consider in exercising its discretion as to whether to modify a schedule include: (1) when the movant learned of the issue that is the subject of the requested discovery; (2) the length of the discovery period; (3) whether the movant was dilatory; and (4) whether the opposing party was responsive to the movant's

3

prior discovery requests. *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). "The overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Id.* Although the primary focus is on the movant's diligence, "the presence or absence of prejudice to the other party or parties is a factor to be considered." *Ortiz v. Karnes*, 2:06-cv-562, 2010 WL 2991501, at *1 (S.D. Ohio, July 26, 2010) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002)).

In this case, the relevant factors weigh in favor of granting defendants' request to reopen discovery. Although the parties disagree about whether defendants diligently investigated facts related to plaintiff's injuries during discovery, defendants argue that new factual allegations involving the extent of plaintiff's visual impairments were not discovered until recently—when plaintiff presented a settlement demand on March 1, 2018. (Doc. 84 at 2). Thus, the first factor to be considered weighs in favor of granting defendants an extension of the discovery deadline. The remaining factors likewise weigh in favor of extending the discovery deadline. Although defendants have had ample time to complete discovery, defendants have not acted dilatory in requesting an extension of time to obtain information they deem crucial to their case. Just five days after receiving plaintiff's settlement demand and realizing they needed more information about plaintiff's injuries, defendants filed the present motion to reopen discovery. Finally, to grant the requested extension at this stage of the litigation would not prejudice plaintiff. Although this case has been ongoing for several years, dispositive motions and responsive memoranda in this case have not yet been filed and the discovery deadline ended only shortly before defendants filed this present motion. Accordingly, defendants' motion to reopen discovery (Doc. 84) is **GRANTED**.

It is therefore **ORDERED** that discovery be reopened for **sixty (60) days** until **June 25, 2018**. In light of this extension, the dispositive motion deadline is extended for an additional **thirty (30) days** after the close of discovery until **July 25, 2018**.

Date: 4/25/18

Karen L. Litkovitz
United States Magistrate Judge