UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMAL MURRAY, | : | Case No. 1:14-cv-168 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| OHIO DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| Defendants. | : | |

**DECISION AND ENTRY AFFIRMING AND ADOPTING
THE UNITED STATES MAGISTRATE JUDGE'S
ORDER AND REPORT AND RECOMMENDATION (Doc. 123)**

This civil action is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz.  Pursuant to such reference, the Magistrate Judge reviewed the pleadings and, on February 7, 2019, submitted an Order and Report and Recommendation (the "R&R") (Doc. 123).  Defendant Dr. Heyd filed objections to the R&R.  (Doc. 128).  Plaintiff Murray responded to those objections. (Doc. 129).  Dr. Heyd then filed a reply in support of the objections.[1]  (Doc. 130).

The Court addresses the objections filed after setting forth the background relevant to the objections.

---

[1] Murray moved to strike the reply on April 5, 2019.  (Doc. 131).  The Court has reviewed Murray's motion.  And, while the Court agrees that replies are not contemplated by Fed. R. Civ. P. 72, the Court will nonetheless consider all arguments the parties have submitted both for and against the R&R.  It is, of course, within the Court's broad discretion to do so.  As such, Murray's motion (Doc. 131) is **DENIED**.  However, even when considering the reply, and as discussed, *infra*, Dr. Heyd's objections are not well-taken and overruled.

## I. BACKGROUND[2]

Murray is a natural person residing in Hamilton County, Ohio. (Doc. 61 at ¶ 1; Doc. 69 at ¶ 1). Murray has a diagnosed medication condition. (Doc. 123 at 7; Doc. 96-7 at ¶ 6). The diagnosed medical condition is deep vein thrombosis ("DVT"). (Doc. 123 at 7; Doc. 96-7 at ¶ 6). DVT is a medical disorder that involves blood clotting. (Doc. 123 at 7; Doc. 96-7 at ¶ 6).

Murray was a Lebanon Correctional Institution ("LeCI") inmate between 2010 and 2014. (Doc. 61 at ¶ 1; Doc. 69 at ¶ 1). In 2011, Murray was hospitalized several times for DVT. (Doc. 123 at 7). The hospitalizations occurred at the OSU and Atrium Medical Centers. (*Id.*). In July 2011, the OSU hematology team issued a recommendation for Murray's medical treatment. (*Id.* at 7–8; Doc. 96-7 at ¶ 7; Doc. 110-1). The OSU hematology team recommended that: (1) Murray be given anticoagulation therapy; (2) Murray be given a "fair trial of Coumadin";[3] and (3) Murray maintain an INR (international normalized ratio) level of 2.5–3.0. (Doc. 123 at 7–8, 14; Doc. 96-7 at ¶ 7; Doc. 110-1).

Between August 2011 and February 2012, Murray received medical treatment from LeCI's medical team. (Doc. 123 at 8–10). However, during this time, Murray's

---

[2] The R&R contains a full recitation of the background facts, which the Court incorporates herein by reference. (Doc. 123). This Decision and Entry only sets out the facts needed to understand the objections.

[3] Coumadin is an anticoagulation drug—*i.e.*, a drug that helps reduce the risk of blood clots. (Doc. 123 at 7 & n.3).

INR level never fell within the range recommended by the OSU hematology team.[4] (*Id.* at 8–10, 17; Doc. 96-4 at 10; Doc. 110-2 at 1; Doc. 110-3 at 1). In February 2012, Murray suffered a cerebral blood clot. (Doc. 123 at 10). Thereafter, Murray progressively lost his vision. (*Id.*). Murray is now legally blind. (*Id.*).

Murray commenced this civil action against several members of LeCI's medical team. (Doc. 61 at ¶¶ 2–8; Doc. 69 at ¶¶ 2–8). Murray brought suit against two of his LeCI treating physicians: Defendants Timothy Heyd, M.D., and Oscar Cataldi, M.D. (Doc. 61 at ¶¶ 2–3; Doc. 69 at ¶¶ 2–3). Murray also sued five other LeCI staff members: Defendants Shellie Hodges-Begunich, Amy Weiss, Stanley Benner, Christopher Carnes, and Mary Kokenge. (Doc. 61 at ¶¶ 4–8; Doc. 69 at ¶¶ 4–8).

Murray's second amended complaint alleged that Defendants caused him significant medical injuries by failing to provide him with adequate medical treatment (for his DVT). (Doc. 61 at ¶¶ 12–82; *see also* Doc. 60 at 4). Murray's second amended complaint asserted two claims against Defendants (under § 1983): (1) a deliberate indifference claim under the Eighth Amendment; and (2) an unlawful retaliation claim under the First Amendment. (Doc. 61 at ¶¶ 83–105).

On August 24, 2018, Defendants collectively filed a motion for summary judgment, arguing that all claims against all Defendants should be dismissed. (Doc. 96). In connection with the motion for summary judgment, Defendants submitted declarations

---

[4] "On August 16, 2011, [P]laintiff had an INR level of 2.3. (Doc. 96-4 at 10). On November 15, 2011, [P]laintiff's INR level remained at 2.3. (*Id.*). On November 30, 2011, [P]laintiff's INR level dropped to 2.1. (Doc. 110-2 at 1). Finally, on December 22, 2011, [P]laintiff's INR level fell to 1.3 . . . . (Doc. 110-3 at 1)." (Doc. 123 at 17).

3

signed by Defendants Dr. Heyd and Dr. Cataldi. (Docs. 96-7, 96-8). Several paragraphs of the doctors' declarations contained expert testimony. (*See* Doc. 96-7 at ¶¶ 6 (last sentence), 22, 23, 27, 28, 29, 41, 42; Doc. 96-8 ¶¶ 25, 26).[5]

On September 29, 2018, Murray filed a motion to strike those paragraphs of the doctors' declarations. (*See* Doc. 111). Murray contended that it was not proper for either doctor to proffer expert testimony, because neither doctor had been disclosed as an expert pursuant to Rule 26(a). (*Id.* at 1–2 (averring that "defense counsel [had] communicated to Plaintiff's counsel that they did not plan to name any expert witnesses")).

On February 7, 2019, when the Magistrate Judge submitted the R&R, the Magistrate Judge: (1) struck those paragraphs in Dr. Heyd's and Dr. Cataldi's declarations which contained expert testimony, as cited, *supra*; (2) recommended that the Court deny Defendants' motion for summary judgment as to Murray's Eighth Amendment claim against Dr. Heyd; and (3) recommended that the Court grant Defendants' motion for summary judgment as to all of Murray's other claims against all other Defendants. (Doc. 123 at 32).

## II.    OBJECTIONS

Dr. Heyd raised three objections to the R&R. (Doc. 128). As discusses, *infra*, the Court does not find any of Dr. Heyd's objections persuasive and the Magistrate Judge's R&R will be affirmed and adopted in its entirety.

---

[5] Defendants have not disputed that these paragraphs contain the type of testimony contemplated by Fed. R. Evid. 702—*i.e.*, testimony stemming from "scientific, technical, or other specialized knowledge." (*See* Doc. 115 at 2–3; Doc. 128 at 3–6; Doc. 130 at 9–10).

***First***, Dr. Heyd argues that the Magistrate Judge erred in striking those portions of the declarations submitted by Dr. Heyd and Dr. Cataldi which contained expert testimony. (Doc. 128 at 3–6). This objection is not well-taken. (*Id.*). The Magistrate Judge properly concluded that it was not appropriate for Dr. Heyd and Dr. Cataldi to proffer expert testimony when neither had been disclosed as an expert pursuant to Rule 26(a)(2)(A). (Doc. 123 at 3–4); *see* Fed. R. Civ. P. 26(a)(2)(A) (confirming that a "party must disclose to the other parties the identity of any witness it may use at trial to present [expert testimony]"); *see also* Fed. R. Civ. P. 37(c).

Dr. Heyd contends that he and Dr. Cataldi are exempt from Rule 26(a)(2)(A)'s disclosure requirements, because he and Dr. Cataldi are "party defendants" (rather than "expert witnesses"). (Doc. 128 at 5). But this contention is unpersuasive. "Rule 26(a)(2)(A) is clear that a party must disclose '*any* witness' who will testify as an expert; there is no exception for a [party] who will testify as an expert on his own behalf." *Ziegler v. Wisconsin Cent., Ltd.*, No. 13-CV-996, 2015 WL 1898240, at *2 (E.D. Wis. Apr. 27, 2015) (citing Fed. R. Civ. P. 26(a)(2)(A)) (emphasis in original); *accord Bader v. Roberts*, No. 5:19-CV-297, 2020 WL 33746, at *3 (W.D. Okla. Jan. 2, 2020) (same).

Dr. Heyd also contends that he and Dr. Cataldi were not required to provide expert reports, because he and Dr. Cataldi were not "retained" as experts. (Doc. 128 at 5). But this is also beside the point. Rule 26(a)(2)(A) requires a party to disclose the identity of "any witness" who will testify as an expert, regardless of whether the expert is retained or not. *See also McFerrin v. Allstate Prop. & Cas. Co.*, 29 F. Supp. 3d 924, 930 (E.D. Ky. 2014). Moreover, even though Dr. Heyd and Dr. Cataldi are "party defendants," and

5

even assuming neither was "retained" as an expert witness, both were treating physicians of Murray. (Doc. 96-7 at ¶ 5; Doc. 98-8 at ¶ 6). Treating physicians, regardless of whether the treating physician was a party to the litigation or was not "retained," are often required to provide expert reports when the treating physician is, in essence functioning as a retained expert. *See Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 872 (6th Cir. 2007) ("The biggest concern with permitting treating physicians to testify in all circumstances without providing expert reports is that this would permit circumvention of the policies underlying the expert report requirement.") (collecting and discussing cases on treating physicians as experts).

In the end, if Dr. Heyd and Dr. Cataldi wanted to proffer expert testimony in their declarations, then Dr. Heyd and Dr. Cataldi should have been disclosed as experts under Rule 26(a)(2)(A). *See* Fed. R. Civ. P. 37(c). As this never happened, it was neither "clearly erroneous nor contrary to law" for the Magistrate Judge to strike those portions of the declarations submitted by Dr. Heyd and Dr. Cataldi which contained expert testimony. Fed. R. Civ. P. 72(a); *see also Mohney v. USA Hockey, Inc.*, 138 F. App'x 804, 811 (6th Cir. 2005) (district court did not abuse its discretion when excluding paragraphs of treating physician's affidavit containing undisclosed expert opinion generated after treatment of plaintiff); *Harville v. Vanderbilt Univ., Inc.*, 95 F. App'x 719, 724–25 (6th Cir. 2003) (holding that a district court did not abuse its discretion when excluding expert testimony not properly disclosed pursuant to Rule 26(a)).

Dr. Heyd's first objection is **overruled** and the Magistrate Judge's order striking those paragraphs is affirmed.

***Second***, Dr. Heyd argues that the Magistrate Judge erred when "finding" that Murray had "established" the subjective component of his Eighth Amendment deliberate indifference claim against Dr. Heyd.[6] (Doc. 128 at 6–13). Dr. Heyd's objection is not well-taken. On this Court's review, the Magistrate Judge properly concluded that, because Dr. Heyd had failed to maintain Murray's INR levels within the range recommended by OSU's hematology team (2.5–3.0), there was a "genuine issue of material fact as to whether Dr. Heyd [had acted with a] deliberate[] indifferen[ce] to plaintiff's blood clotting condition . . . ." (Doc. 123 at 16).

Dr. Heyd does not dispute that he was aware of the INR recommendations from OSU's hematology team. But nonetheless, Dr. Heyd raises several contentions in opposition to the Magistrate Judge's conclusion. (Doc. 128 at 7–13). Dr. Heyd argues that he concluded (in his own judgment) that Murray's INR levels should rest between 2.0 and 3.0. (*Id*. at 7). Dr. Heyd argues that he properly monitored Murray's medical condition by administering multiple tests and blood draws. (*Id*. at 8–11). And Dr. Heyd argues that a "prison doctor's failure to follow an outside specialist's recommendation does not necessarily establish inadequate care" (*Id*. at 7–8).

Dr. Heyd has already presented each of these contentions to the Magistrate Judge. The Magistrate Judge nevertheless concluded in a detailed and reasoned analysis:

---

[6] The Court would note that Dr. Heyd's terminology is not correct. The Magistrate Judge did not *find* that Murray had *established* the subjective component of his claim. (Doc. 128 at 6). Instead, the Magistrate Judge concluded that a material fact dispute existed as to the subjective component of Murray's claim. (*See* Doc. 123 at 16–17).

7

> "[a] prison doctor's failure to follow an outside specialist's recommendation does not necessarily establish inadequate care." . . . [A]n inmate may not proceed past summary judgment on an Eighth Amendment deliberate indifference claim where prison doctors "prescribed an alternate treatment" from that of an outside specialist and the inmate produced no medical proof showing that the alternate treatment was inadequate. . . . <u>That is not the case here. Here, Plaintiff has produced evidence creating a genuine dispute of fact as to whether Dr. Heyd failed to order treatment consistent with Plaintiff's DVT and likewise failed to monitor his INR levels and adjust his Coumadin accordingly to treat his condition</u>.

(Doc. 123 at 18 (emphasis added)).

All things considered, the Magistrate Judge's R&R is thorough, accurate, and well-reasoned. And, while Dr. Heyd may disagree with the Magistrate Judge's conclusions, mere disagreement does not support an appropriate objection under Rule 72. *See, e.g., Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[] to the report and recommendation and refer[ ] to several of the issues in the case.'").

Dr. Heyd's second objection is **overruled**.

*<u>Third</u>*, Dr. Heyd argues in his final objection that the Magistrate Judge erred when concluding that he is not entitled to qualified immunity. (Doc. 128 at 13–14). But, Dr. Heyd's final objection fails for the same reason as his second objection – it is not a proper objection. Dr. Heyd merely restates several of the arguments raised in

8

Defendants' previous filings and references the disputed facts argued in support of his second objection. (*Id.*). The Magistrate Judge thoroughly and properly addressed Dr. Heyd's arguments in the R&R. (Doc. 123 at 25–27). This Court adopts the Magistrate Judge's well-reasoned analysis herein.

Dr. Heyd's final objection is **overruled**.

### III.   CONCLUSION

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a)–(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court finds that the R&R should be and is hereby affirmed and adopted in its entirety.

Accordingly:

1. The Order and Report and Recommendation (Doc. 123) is **AFFIRMED** and **ADOPTED** in its entirety;

2. Defendant Dr. Heyd's objections (Docs. 128, 130) are **OVERRULED**;

3. Plaintiff's motion to strike (Doc. 11) evidence filed in support of Defendants' motion for summary judgment is **GRANTED in part** and **DENIED in part** as set forth in the R&R (Doc. 123);

4. Plaintiff's motion to strike the reply in support (Doc. 131) is **DENIED**; and

5. Defendants' motion for summary judgment (Doc. 96) is **DENIED** as to Plaintiff's Eighth Amendment claim against Dr. Heyd and stands as the only remaining claim.

6. Defendants' motion for summary judgment (Doc. 96) is **GRANTED** as to Plaintiff's Eighth Amendment claim against all other Defendants and is **GRANTED** as to Plaintiff's First Amendment retaliation claim against Defendants Dr. Heyd and Amy Weiss.

9

**IT IS SO ORDERED.**

Date:  3/31/2021                                                    *s/Timothy S. Black*
                                                                                   Timothy S. Black
                                                                                  United States District Judge